IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| **JOHN SMIERCIAK,** | ) | |
| | ) | |
| | ) | **2:18-CV-00734-MJH** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CITY OF PITTSBURGH POLICE** | ) | |
| **DEPT., OFFICER MICHAEL** | ) | |
| **ANTONACE, JR, A.D.A. THOMAS** | ) | |
| **MALONEY, A.D.A.  JULIE JONES,** | ) | |
| **CARL A. PARISE, ALLEGHENY** | ) | |
| **COUNTY JAIL, OFFICER** | ) | |
| **CHRISTOPHER MODESSO,** | ) | |
| | ) | |
| **Defendants,** | | |

OPINION AND ORDER

Plaintiff, John Smierciak ("Mr. Smierciak"), pro se, brings the within action, ostensibly for

violations of his civil rights stemming from his arrest on September 26, 2015, and his subsequent

incarceration, prosecution, and conviction.[1]    While the Complaint contains neither numbered

paragraphs nor enumerated claims, the Court discerns that Mr. Smierciak has alleged claims for

---

[1] Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read 'with a measure of tolerance' "); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds). *See, e.g.*, *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Company*, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a pro se litigant, this Court will consider facts and make inferences where it is appropriate.

"wrongful incarceration" and "false arrest" by Defendants, City of Pittsburgh Police Department ("Pittsburgh Police"), Officer Michael Antonace, Jr., and Officer Christopher Modesso; malicious prosecution by Defendants, Assistant District Attorney Thomas Maloney ("Maloney") and Assistant District Attorney Julie Jones ("Jones"); "malicious ineffective counsel" by Defendant, Carl Parise ("Parise"); and violations of "Civil and Privacy Rights" by Defendant, Allegheny County Jail.    Mr. Smierciak originally filed a Complaint in the Court of Common Pleas of Allegheny County on September 7, 2016. (ECF No. 1-1).  The same was served upon Defendants, Jones and Maloney, on April 2, 2018; Defendant, City of Pittsburgh Police Department, on April 3, 2018; Defendant, Parise, on April 11, 2018; Defendant, Modesso, on April 17, 2018; and Defendant, Antonace, on April 30, 2018.  (ECF No. 1-2).[2]   The case was removed on May 25, 2018.  (ECF. No. 1)

Pending before the Court are Defendants, City of Pittsburgh, Michael Antonace and Christopher Modesso's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 2); Defendants, Maloney and Jones's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), and (6), (ECF No. 9); and Defendant, Parise's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12).    And while Defendant, Allegheny County Jail, has not been served, the Court will review the sufficiency of service.  For the reasons stated below, the Motions to Dismiss are granted.

## I.    BACKGROUND

For purposes of clarity, the Court will begin with a brief summation of its review of the underlying criminal matter, which contains key determinative facts  for the disposition of

---

[2] The Docket histories from this action, pre- and post-removal, demonstrate that no service has been effectuated upon Defendant, Allegheny County Jail.

Defendants' motions.[3]  On September 26, 2015, Pittsburgh Police arrested Mr. Smierciak and charged with him with one count of Criminal Trespass, 18 Pa. C.S. § 3503(a)(1)(i); one count of Stalking, 18 Pa.C.S. § 2709.1(a)(1); one count of Simple Assault, 18 Pa.C.S. § 2701(a)(3); and one count of Harrassment, 18 Pa.C.S. § 2709(a)(4). (ECF No. 12-2).  On November 10, 2015, following a preliminary hearing, both the Simple Assault and Harassment charges were held for court, while the charges of Criminal Trespass and Stalking were dismissed. *Id.* The Commonwealth later added the charge of Criminal Attempt, 18 Pa.C.S. § 901(a). *Id.*

On May 5, 2016, Mr. Smierciak proceeded to a non-jury trial before the Honorable Beth Lazzara of the Allegheny County Court of Common Pleas. *Id.* At that trial, Mr. Smierciak was represented by Attorney Carl Parise. *Id.* Mr. Smierciak was found guilty of Criminal Attempt and Harassment and not guilty of Simple Assault. *Id.* On May 9, 2016, Attorney Parise withdrew as counsel. *Id.* Mr. Smierciak was thereafter represented by a public defender. Between his arrest and trial, Mr. Smierciak was incarcerated in the Allegheny County Jail for seven months. (Compl. p. 6).  Following the guilty verdicts, he was sentenced to five (5) years' probation. (ECF No. 12-2).  On September 18, 2017, the Pennsylvania Superior Court affirmed

---

[3] Federal Rule of Evidence 201, allows the court to take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d). The court "may take judicial notice of a fact that is not subject to reasonable dispute because it...can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court may do so on its own, "at any state of the proceeding." Fed. R. Evid. 201(d). A state court docket by its very nature can be accurately and readily determined, and the accuracy and authenticity of the docket cannot reasonably be questioned. Courts in the Third Circuit have held that a court may take judicial notice of dockets or other court opinions at the motion to dismiss stage. *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."); *see, e.g., In re Trichilo*, 540 B.R. 547, 549 (Bankr. M.D. Pa. 2015) (taking judicial notice of the docket in an underlying case); *Mollett v. Leith*, No. CIV.A. 09-1192, 2011 WL 5407359, at *2 (W.D. Pa. Nov. 8, 2011) *aff'd sub nom. Mollett v. Leith*, 511 Fed. Appx. 172 (3d Cir. 2013) ("A court may also take judicial notice of Plaintiff's underlying criminal trial."); *Carroll v. Prothonotary*, No. 08-1683, 2008 WL 5429622, at *2 (W.D.Pa. Dec.31, 2008) (taking judicial notice of court records and dockets of the Federal District Courts)

his conviction, and on February 27, 2018, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Id.*

Mr. Smierciak's allegations in his Complaint seem to set forth the following factual assertions. On September 26, 2015, Officer Michael Antonace, Jr. arrested Mr. Smierciak and transported him to the Allegheny County Jail. (Compl. p. 1). Mr. Smierciak avers that his arrest was based upon "hearsay from one party" and the officer's "opinion, not facts." *Id.* Officer Antonace allegedly falsified information on the Police Complaint OTN #G723403-2. *Id.* Further, eleven officers of the Pittsburgh Police Department allegedly did not read his Miranda Rights during the "entire ordeal." (Compl. p. 2). Mr. Smierciak denies committing a crime, and he avers that none of the witnesses or officers listed in the Police Complaint testified at either the preliminary hearing or trial. *Id.* Two witnesses were allegedly involved in the altercation involving Mr. Smierciak. Mr. Smierciak alleges that Officer Antonace believed the witnesses' stories without "hearing [Mr. Smerciak's] side of the story." *Id.* While on route to the Allegheny County Jail, Officer Antonace did not tell Mr. Smierciak what crime that he had committed. *Id.* According to Mr. Smierciak, Officer Antonace failed to investigate the matter. *Id.* Further, Officer Antonace filed the police complaint four hours after the altercation and "made up charges without all the facts." (Compl. p. 3).

With regard to Mr. Smierciaks' prosecution, Assistant District Attorneys Maloney and Jones allegedly failed to prove the charges brought by Officer Antonace. *Id.* Maloney and Jones did not produce witnesses or a police officer to corroborate the charges. *Id.* Officer Antonace also did not testify to explain why he arrested Mr. Smierciak. *Id.* Further, it is alleged that the Police Complaint was falsified to make "Officer look good on a paper." (Compl. p. 4).

With regard to his criminal defense, Mr. Smierciak avers that his attorney, Carl Parise, did not represent him to prove his innocence, and that Parise refused to follow Mr. Smierciak's instructions. (Compl. p. 5). Attorney Parise thereafter withdrew as counsel, and Mr. Smierciak proceeded with his criminal defense, pro se. He was thereafter convicted during the non-jury trial. *Id.*

Mr. Smierciak also avers that following his arrest, he was incarcerated in the Allegheny County Jail for seven months. (Compl. p. 6). During that time, he alleges that his phone calls were recorded without his permission, he was locked in a cell for 20 hours per day, he was strip searched ten times, and he was denied proper meals during Lent in violation of his religious beliefs. Mr. Smierciak claims these events violated his Privacy and Civil Rights. *Id.*

## II.     STANDARD OF REVIEW

### a.   Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)

Rule 4 of the Federal Rules of Civil Procedure "sets forth the procedure by which a court obtains personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir.1996). The Rule prescribes the process for properly issuing and serving a summons. Fed. R. Civ. P. 4. Pursuant to Rule 4, a summons must, inter alia, name each individual plaintiff and defendant and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A), (B). When a complaint names more than one defendant, a separate summons "must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). A defendant may move to dismiss the complaint or quash service when a plaintiff fails to comply with Rule 4's requirements for the form and method of serving process. Fed. R. Civ. P. 12(b)(4), (b)(5).

In the case of motions challenging the sufficiency of process or method of service, the burden of proof lies with the party raising the challenge. *See* 2 Moore's Federal Practice § 12.33[1] (3d ed.2013); see also *Grand Ent. Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476,

488 (3d Cir.1993); *Snyder v. Bender*, No. 1:09–CV927, 2010 U.S. Dist. LEXIS 130438, 2010 WL 5109655 (M.D.Pa. Nov. 16, 2010). The movant must be specific in its objections and identify the specific manner in which the plaintiff has failed to satisfy the summons or service provision utilized. 2 Moore's § 12.33

### b. Federal Rule of Civil Procedure 12(b)(6)

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards

a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

## III. DISCUSSION

Before it begins an in-depth analysis of the Plaintiff's Complaint and legal theories, the Court will note that the dismissal of Plaintiff's Complaint ultimately rests on the facts surrounding his convictions. Mr. Smierciak's September 26, 2015 arrest and later conviction have been sustained at both the state trial and appellate levels. As explained below, this Court is not in a position to re-litigate those matters. Further, the Complaint either fails to name the proper entities

or fails to serve a party. Moreover, even if the proper parties were named, Plaintiff's legal theories against those unnamed parties would fail as a matter of law. Accordingly, the Court will be granting Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). And based upon its review of the factual allegations in the Complaint as well as the records of Plaintiff's criminal proceeding, the Court deems any amendment to be futile. *See Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

### a. Defendants, City of Pittsburgh Police Department, Michael Antonace and Christopher Modesso's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6)

#### i. Liability of City of Pittsburgh Police Department under Section 1983

As regard Mr. Smierciak's federal civil rights claim against the City of Pittsburgh Police Department, a fair reading of Plaintiff's Complaint indicates that he is bringing false arrest and false imprisonment claims against the Pittsburgh Police Department and Officers Antonace and Modesso, under Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C.A. § 1983. The United States Supreme Court has held that a police department, such as the City of Pittsburgh Police Department, is not the proper entity named in a Section 1983 action.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court held that local governments are "persons" and are subject to suit under § 1983. Following *Monell*, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *see also, Martin v. Red Lion Police Dept.*, 146 Fed.Appx. 558, 562 n. 3 (3d Cir. 2005) (per curiam); *Hadesty v. Rush Twp. Police Dep't*, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016); *Terrell v. City of Harrisburg Police Dept.*, 549 F.Supp.2d 671, 686 (M.D. Pa. 2008). Therefore, the City of Pittsburgh Police Department is not a proper defendant in this case under a Section 1983 claim, and it should be dismissed as a party.

To the extent Plaintiff may have intended to name the City of Pittsburgh as a defendant, the complaint still fails to state a claim upon which relief may be granted, because a municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell*, 436 U.S. at 691. To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or by custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). Here, Plaintiff has not alleged the existence of any City of Pittsburgh Police Department or the City of Pittsburgh Police Department policy or custom, which allegedly resulted in a constitutional violation. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged false arrest and/or imprisonment of Plaintiff. *See, e.g., Turner v. City of Philadelphia*, 22 F.Supp.2d 434, 437 (E.D. Pa. 1998), quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Thus, Plaintiff's Section 1983 claims of false arrest and/or imprisonment against

Defendant, City of Pittsburgh Police Department, or, presumptively, the City of Pittsburgh, are dismissed.

### ii. Liability of Officers Antonace and Modesso's under Section 1983

As regards the false arrest and false imprisonment claims against Officers Antonace and Mosesso, under Section 1983, these claims are "nearly identical," and courts often analyze them together. *Brockington v. City of Phila.*, 354 F.Supp.2d 563, 570 n.8 (E.D. Pa. 2005). False arrest is "grounded in the Fourth Amendment's guarantee against unreasonable seizures," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). False imprisonment is based upon the Fourth Amendment's prohibition against deprivation of liberty without due process of law. *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

In a 1983 claim for either false arrest or false imprisonment under the Fourth Amendment, a plaintiff must show: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citation omitted). "An officer has probable cause to arrest when 'the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Torres v. Borough of Barrington*, No. 16-cv-06134, 2017 WL 3189448, at *3 (D.N.J. July 27, 2017) (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)).

In his Complaint, Mr. Smierciak asserts that on September 26, 2015, Officers arrested Mr. Smierciak and charged with him with one count of Criminal Trespass, 18 Pa. C.S. § 3503(a)(1)(i); one count of Stalking, 18 Pa.C.S. § 2709.1(a)(1); one count of Simple Assault, 18 Pa.C.S. § 2701(a)(3); and one count of Harrassment, 18 Pa.C.S. § 2709(a)(4). (ECF No. 12-2). At the preliminary hearing, the charges for Criminal Trespass and and Stalking were dismissed,

and the Simple Assault and Harassment charges were held for court. *Id.* The Commonwealth later added the charge of Criminal Attempt, 18 Pa.C.S. § 901(a). *Id.* On May 5, 2016, Mr. Smierciak proceeded to a non-jury trial before the Honorable Beth Lazzara. *Id.* He was convicted of Criminal Attempt and Harassment, and he was acquitted of the Simple Assault. *Id.* On September 18, 2017, the Pennsylvania Superior Court affirmed his conviction, and on February 27, 2018, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Id.*

Based upon the alleged facts, the Plaintiff does not satisfy the element that he was arrested without probable cause. In order to establish such an element, he would have to assert that his subsequent convictions were invalid. Under the undisputed facts from the Complaint and criminal proceeding, Mr. Smierciak's convictions were affirmed by final order. Thus, he cannot establish any false arrest or false imprisonment claims related to his arrest and imprisonment for those offenses. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Because Plaintiff was convicted of Criminal Attempt and Harassment (which remained undisturbed on appeal), he is barred from challenging his Criminal Trespass, Simple Assault, and Stalking arrest, because all charges arose from the same incident and circumstances. A false arrest and false imprisonment claim cannot survive where at least one of the charged offenses results in a conviction. *See Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007). Thus, Mr. Smierciak's

convictions for criminal attempt and harassment, suffice to defeat any claim for false arrest or false imprisonment as regards all charges filed.

Because Mr. Smierciak's convictions for criminal attempt and harassment remained undisturbed and are dispositive to this action, the Court determines that any amendment to these claims would be futile. *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)). Therefore, any Section 1983 claim averred in Plaintiff's Complaint against Defendants, Michael Antonace, and Christopher Modesso's, are dismissed, without leave to amend.

### iii. State law claims against City of Pittsburgh Police Department, Michael Antonace and Christopher Modesso's

Plaintiff's complaint does not discern whether his claims include state law claims under this Court's supplemental jurisdiction.[4] Therefore, the Court will also consider state common law false imprisonment and false arrest claims. Under Pennsylvania law, false arrest is synonymous with false imprisonment. *Gagliardi v. Lynn*, 285 A.2d 109, 111 (Pa. 1971). The elements of false arrest/false imprisonment are: (1) the detention of another person (2) that is unlawful. "An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Under Pennsylvania Law, probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested. *Cmwlth. v. Burno*, 154 A.3d 764, 781 (Pa. 2017). Further, probable cause at the time of arrest is conclusively established where there is

---

[4] The court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

a subsequent guilty plea or conviction. *McGriff v. Vidovich*, 699 A.2d 797, 800 (Pa. Commw. Ct. 1997). Plaintiff's September 26, 2015 arrests resulted in conviction. Thus, said conviction bars his state law claims for false arrest and false imprisonment. Therefore, any state law claims averred in Plaintiff's Complaint against Defendants, City of Pittsburgh Police Department, Michael Antonace, and Christopher Modesso's, are dismissed, without leave to amend, as amendment would be futile.

### iv. Qualified Immunity Defense

In their Motion to Dismiss and Brief in Support (ECF No. 2 and 3), Defendants, Antonace, and Modesso, also argued that Plaintiff's claims against them are barred because the officers are entitled to qualified immunity. The Court finds it unnecessary to consider this argument because it is moot in light of the court's ruling on the dismissal of Plaintiff's claims against them asserting false arrest and false imprisonment. *See, e.g.*, *Turzai v. City of Pittsburgh*, 457 F. App'x 115 (3d Cir. 2012).

### b. Defendants, Maloney and Jones's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), and (6)

### i. Service upon Defendants, Maloney and Jones

Defendants, Maloney and Jones, argue that Plaintiff's Complaint should be dismissed for insufficient process and insufficient service of process pursuant to Fed R. Civ. P. 12(b)(4) and 12(b)(5). In a challenge to the sufficiency of service, the burden of proof lies on the party asserting the validity of service. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993) (citing 4A Wright & Miller § 1083); *Mitchell v. Theriault*, 516 F.Supp.2d 450, 452 (M.D.Pa.2007). However, the movant must state its objections with specificity and must

identify the manner in which the plaintiff failed to satisfy the requirements of service. *Baker v. Microbilt Corp.*, 2014 WL 5529195, at *2 (M.D. Pa. Nov. 3, 2014).

The service history, at the state court docket of GD 16-1680, indicates that the adult agents of Maloney and Jones were served by the Allegheny County Sherriff at 436 Grant Street, Pittsburgh, PA, which is the address of the Allegheny County District Attorney. Pa.R.C.P. 402 permits, in relevant part, service of original process as follows:

> a) Original process may be served
> ***
>  (2) by handing a copy
> ***
> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. No. 402(a)(2)(iii). Pennsylvania state court decisions examining service of process under Rule 402(a)(2)(iii) have held that "[s]ervice at an office or usual place of business is subject to limitations, and is only appropriate when the person to be served has 'more proprietary responsibility and control over the business than that possessed by the average employee.' " *Zimmerman Slate Roofing Specialists, LLC v. Seidner*, No. 418 EDA 2013, 2014 WL 10979803, at *6 (Pa. Super. Ct. Mar. 31, 2014) (quoting *Martin v. Gerner*, 481 A.2d 903, 908 (Pa. Super. Ct. 1984)); *Pincus v. Mut. Assur. Co.*, 321 A.2d 906, 910 (Pa. 1974). In determining whether the defendant possesses sufficient proprietary interest or control, courts look to the "totality of the circumstances surrounding the defendant's contact with the place of service." *Williams v. Office of Pub. Def. Cty. of Lehigh*, 586 A.2d 924, 925 (Pa. Super. Ct. 1990).

In *Williams*, the court found that service of process upon the secretary of the Public Defender's Office was adequate service upon the defendants, all assistant public defenders. Applying a totality of the circumstances analysis, the court concluded that service was effective because: (1) "[t]he work product of that office is directly produced by its attorneys[,]" the

14

individuals were "regularly present at the office" and they "formed an integral part of its functioning and management"; (2) the individuals "possess a high degree of legal knowledge and sophistication" and "are members of an office that handles legal documents such as notice of service on a regular basis"; and (3) they received actual notice of the action. In *Zimmerman Slate Roofing Specialists, LLC*, a non-precedential opinion, the Superior Court likewise held that serving an unidentified security guard at the Philadelphia District Attorney's office was adequate service of process on the defendant assistant district attorney because there was "no material distinction" between that office and the public defender's office in *Williams*. 2014 WL 10979803 at *6.

Thus, the Court finds that, under Pennsylvania Rules of Civil Procedure and the supporting case law cited above, because of Defendants, Maloney and Thomas's status as assistant district attorneys, they have been sufficiently served. Accordingly, Maloney and Jones', Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(4)-(5), is denied.

### ii. Prosecutorial Immunity

Defendants, Maloney and Jones, argue that they are entitled to prosecutorial immunity, which bars Plaintiff's malicious prosecution claim. The doctrine of absolute immunity shields prosecutors from liability related to their official acts. *See Imbler v. Pachtman*, 424 U.S. 409, 417–20 (1976). "More than a mere defense to liability, prosecutorial immunity embodies the right not to stand trial, and is properly raised in a Rule 12(b)(6) motion to dismiss." *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (internal quotations and citations omitted). "Under this doctrine, a prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." *Imbler*, 424 U.S. at 410. " "Ultimately, whether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the

alleged conduct that gives rise to the constitutional violation." *Yarris v. Cnty. of Del.*, 465 F.3d 129, 136 (3d Cir. 2006) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993))

Here, Plaintiff avers only that Defendants, Maloney and Jones, "did not prove in courtroom what Officer Antonace charged [him] with" and that "they did not provide testimony from any witnesses or any Officer of the Pittsburgh Police Department on scene to corroborate charges." (Compl. p. 3).   The Complaint contains no factual allegations that supports that Defendants, Maloney and Jones, exceeded the scope of their duties.   Their decision to pursue criminal prosecution against Plaintiff, whether later proven valid or not, is "within the scope of [their] duties in initiating and pursuing a criminal prosecution." *Imbler*, 424 U.S. at 410. Accordingly, Defendants, Maloney and Jones, are entitled to absolute prosecutorial immunity in relation to Plaintiff's allegations set forth in the Complaint.   As such, Mr. Smierciak's claims against them are dismissed.

### iii.  Malicious Prosecution Claim under Section 1983 and State Law

It is not clear that Plaintiff has intended to plead a state law claim for malicious prosecution. However, as with the false arrest and false imprisonment claims above, the Court will infer that the Plaintiff intended to file his malicious prosecution claim under both Section 1983 and state common law.[5]   To prove malicious prosecution under [§] 1983, a plaintiff must show that:

(1) the defendants initiated a criminal proceeding;

(2) the criminal proceeding ended in plaintiff's favor;

(3) the proceeding was initiated without probable cause;

(4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and

(5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

---

[5] Again, as above, the Court will exercise its supplemental jurisdiction over the state law claims.

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). A state law claim includes only the first four elements. *See Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir.2000). Presently, the crucial element, which is fatal to both the Plaintiff's federal and state claims, is that the criminal proceeding *did not* end in plaintiff's favor. As discussed above, the Plaintiff was convicted of two charges from his arrest on September 26, 2015. While some of the charges were dismissed at a preliminary hearing, and while he was acquitted of one charge at trial, the convictions on the two charges precludes any finding of favorable termination. *Kossler*, 564 F.3d at 188. Therefore, the Plaintiff cannot establish the elements for a malicious prosecution claim. Accordingly, Defendants, Maloney and Jones's, Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is granted. Again, this Court finds that, in light of the final convictions, any attempted amendment of Mr. Smierciak's claims for malicious prosecution would be futile. Said claims are dismissed, without leave to amend.

### iv. Res Judicata

Finally, Defendants, Maloney and Thomas, argue that res judicata bars the Plaintiff's claim based upon the outcome of the criminal proceedings. Because the Court has determined that Plaintiff's Complaint lacks the requisite elements to state a claim for malicious prosecution, it is not necessary to review the res judicata argument, because the claims against Maloney and Thomas are dismissed for legal insufficiency.

### c. Defendant, Carl Parise's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), and (6)

### i. Service upon Defendant, Parise

Defendant, Parise, argues that Plaintiff's Complaint should be dismissed for insufficient process and untimely service of process pursuant to Fed R. Civ. P. 12(b)(4) and 12(b)(5). In a

challenge to the sufficiency of service, the burden of proof lies on the party asserting the validity of service. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993) (citing 4A Wright & Miller § 1083); *Mitchell v. Theriault*, 516 F.Supp.2d 450, 452 (M.D.Pa.2007). However, the movant must state its objections with specificity and must identify the manner in which the plaintiff failed to satisfy the requirements of service. *Baker v. Microbilt Corp.*, 2014 WL 5529195, at *2 (M.D. Pa. Nov. 3, 2014).

The service history at GD 16-16801 before the case was removed to federal court indicates that Mr. Parise's adult agent was served by the Allegheny County Sherriff at 310 Grant Street, Pittsburgh, PA, which is the address of his law office.     Pa.R.C.P. 402 permits, in relevant part, service of original process as follows:

> a) Original process may be served
> \*\*\*
> (2) by handing a copy
> \*\*\*
> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. No. 402(a)(2)(iii).     Pennsylvania state court decisions examining service of process under Rule 402(a)(2)(iii) have held that "[s]ervice at an office or usual place of business is subject to limitations, and is only appropriate when the person to be served has 'more proprietary responsibility and control over the business than that possessed by the average employee.' " *Zimmerman Slate Roofing Specialists, LLC v. Seidner*, No. 418 EDA 2013, 2014 WL 10979803, at *6 (Pa. Super. Ct. Mar. 31, 2014) (quoting *Martin v. Gerner*, 481 A.2d 903, 908 (Pa. Super. Ct. 1984)); *Pincus v. Mut. Assur. Co.*, 321 A.2d 906, 910 (Pa. 1974). In his Motion to Dismiss, Parise fails to object with specificity as regard the manner in which the plaintiff failed to satisfy the requirements of service.  The service record otherwise suggests that Parise's agent was served at

his law office making him more than an average employee. His Motion to Dismiss makes no effort to refute this. Thus, there is no sufficient challenge to the place and manner of service on Parise.

As regards Parise's challenge to the timeliness of service, Pennsylvania requires plaintiffs to effectuate notice of commencement of their actions. Through *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), and its progeny, Pennsylvania has adopted a rule requiring a plaintiff to make a good-faith attempt to effect service of process in a timely manner where an action is commenced prior to the running of the statute of limitations and where service does not occur until after the expiration of the statutory period. *See Schriver v. Mazziotti*, 432 Pa.Super. 276, 638 A.2d 224 (1994); *Siler v. Khan*, 456 Pa.Super. 177, 689 A.2d 972 (1997) (filing complaint tolls statute of limitations, provided that plaintiff attempts to effect service in timely manner). Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Therefore, Pennsylvania's two-year limitations period for personal injuries governs in the present case. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons. Stat. § 5524(2). *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). Plaintiff thus had two years to file this suit against Defendant, Parise. According to the Complaint, Plaintiff avers that Mr. Parise was "ineffective counsel" during his trial of May 4, 2016. Plaintiff filed suit on September 7, 2016, and he served Mr. Parise on April 11, 2018. Pursuant to *Lamp*, he had until at least May 4, 2018 to serve the Complaint within the two-year statute of limitations period. Accordingly, as the statute of limitations had not expired as of the service on Parise, Defendant, Parise's, Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(4)-(5), is denied.

### ii. Ineffective Assistance of Counsel

Defendant, Parise, argues that Plaintiff's claims for ineffective assistance of counsel are properly brought under the Post-Conviction Relief Act. *See* 42 Pa.C.S. § 9541, et seq. Further to bring a civil action for damages under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Private attorneys, including public defenders, acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1991) (public defender not a state actor "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 787 F.Supp. 471, 475 (E.D.Pa.1992) (attorneys are not state actors by virtue of status as officers of the court). Presently, there is no allegation to satisfy these requirements. As a result, Mr. Smierciak has not pleaded a sufficient legal basis for relief predicated upon a civil rights ineffective assistance of counsel claim. Accordingly, Plaintiff's claim for ineffective assistance of counsel against Defendant, Parise, is dismissed.

### iii. Legal Malpractice Claim

In the event that the Plaintiff is making a legal malpractice claim, Defendant, Parise, also argues that this claim fails as a matter of law. Specifically, Defendant, Parise, seeks dismissal of a potential legal malpractice action, because Plaintiff has failed to file a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3, which provides:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party ... Pa.R.C.P. 1042.3(a) (emphasis added).

The certificate of merit must state either:

(1) that an appropriate licensed professional has opined in writing that there is a reasonable probability that the defendant's care did not measure up to professional standards and caused the plaintiff's injury;

(2) that the claim against the defendant is based on respondeat superior (in which case, the plaintiff must obtain an opinion from an appropriate licensed professional that there is a reasonable probability that the care provided by the defendant's agents did not measure up to professional standards and caused the plaintiff's injury); or

(3) that expert testimony is unnecessary to the plaintiff's claim.

Pa.R .C.P. 1042.3(a)(1–3).

Rule 1042.3 applies, regardless of whether state law claims are brought under supplemental jurisdiction or under diversity jurisdiction. *See Rodriguez v. Smith*, 2005 WL 1484591 at * 7 n. 13 (E.D.Pa. June 21, 2005). Moreover, federal courts have held that Rule 1042.3 is a substantive rule of law that must be complied with by a plaintiff bringing a professional negligence suit in a federal court sitting in Pennsylvania. *See, e.g., Iwanejko v. Cohen & Grigsby, P.C.*, 249 Fed.Appx. 938, 944 (3d Cir.2007); *Bond v. Rhodes*, 2008 WL 763737 at *3 (W.D.Pa. Mar.20, 2008); *Stroud v. Abington Memorial Hosp.*, 546 F.Supp.2d 238, 248 (E.D.Pa.2008); *Rodriguez* at *7.

Where a plaintiff fails to timely file a certificate of merit under Rule 1042.3, the defendant(s) may seek dismissal of the claim. Under Pennsylvania state court procedure, the defendant(s) seeking dismissal must follow the procedure prescribed in Pa.R.C.P. 1042.6, which requires the defendant(s) to file with the prothonotary a praecipe for the entry of a judgment of non pros. A judgment of non pros, if entered, effectively constitutes a dismissal of the cause without prejudice, because the plaintiff retains the right to re-file the complaint with the required certificate of merit, so long as the statute of limitations has not yet expired. *Bresnahan v. Schenker*, 498 F.Supp.2d 758, 762 (E.D.Pa.2007). It has been recognized, however, that Pa.R.C.P. 1042.6 is procedural in nature and, thus, inapplicable in federal practice. *Abdulhay v.*

*Bethlehem Medical Arts, L.P.*, 2005 WL 2416012 at *7–10 (E.D.Pa. Sept.28, 2005). A Pennsylvania state law professional negligence action in federal court is governed by federal procedural rules, which do not provide for a judgment of non pros or any similar form of procedural dismissal by the court clerk. *See Walsh v. Consolidated Design & Engineering, Inc.*, 2007 WL 2844829 at *5 n. 9 (E.D.Pa. Sept.28, 2007). Thus, the proper procedure in federal court is to treat a motion to dismiss a professional negligence action for failure to comply with Rule 1042.3 as a motion to dismiss, without prejudice, if Plaintiff may still re-file a timely complaint with a required certificate of merit. *See Bresnahan*, 498 F.Supp.2d at 762; *Scaramuzza v. Sciolla*, 345 F.Supp.2d 508, 511 (E.D.Pa.2004). In this case, the record demonstrates that Plaintiff did not submit a certificate of merit within the sixty (60) days required by Rule 1042.3. Plaintiff did not file any required certificate even after the filing of the instant motion to dismiss. Further, even if Plaintiff were to hereafter file a certificate of merit, it would not be within the two-year applicable statute of limitations. See 42 Pa.C.S.A. § 5524; *Radman v. Gaujot*, 53 F. App'x 606, 607 (3d Cir. 2002). Thus, Parise's Motion to Dismiss any legal malpractice claim stated within the Complaint against Defendant, Parise, is granted. Any such claim is dismissed.

### d. Allegheny County Jail

#### i. Service

Upon review of both the state court and federal court dockets in this case (both pre- and post-removal), there is no record of any service of original process upon the Allegheny County Jail. Further, no counsel has entered an appearance on its behalf, and it has not responded to Plaintiff's Complaint. The Federal Rules of Civil Procedure provide as follows:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for

the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).   Because the Allegheny County Jail has not yet been served since the commencement of this action on September 7, 2016, the Court, by the authority granted in Fed. R. Civ. P. 4(m), will issue a separate order directing the Plaintiff to show cause as to why Defendant, Allegheny County Jail, should not be dismissed for failure to serve.

## IV.   CONCLUSION

For the reasons stated above, Defendants' respective Motions to Dismiss Plaintiff's Complaint (ECF No. 1-2) pursuant to Fed. R. Civ. P. 12(b)(6) are GRANTED.   Plaintiff's claims, as to Defendants, City of Pittsburgh, Michael Antonace, Jr., Christopher Modesso, Assistant District Attorney Thomas Maloney, Assistant District Attorney, Julie Jones, and Carl A. Parise, are dismissed.   Upon review of the Complaint and the relevant record of the underlying criminal proceedings, and considering the factual bases and legal theories set forth in the Complaint, any amendment would be futile. *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

## ORDER

AND NOW, this 26th day of December , 2018, after careful consideration of the Complaint and Exhibits, Defendants, City of Pittsburgh, Michael Antonace and Christopher Modesso's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 2); Defendants, Maloney and Jones's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), and (6), (ECF No. 9); and Defendant, Parise's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12), all said Motions are GRANTED.   Plaintiff's Complaint, as to Defendants, City of Pittsburgh, Michael Antonace, Jr.,

Christopher Modesso, Assistant District Attorney Thomas Maloney, Assistant District Attorney, Julie Jones, and Carl A. Parise, is dismissed. As any amendment to those claims, pleaded against the dismissed Defendants, would be futile. Thus, no leave to amend is granted.

DATED this 26th day of December, 2018.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge